UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JORGE ATENCIO, and LILIA LORENZO<br><br>Plaintiffs,<br><br>v.<br><br>RED COATS INC.<br><br>Defendant. | Case No.: |

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiffs JORGE ATENCIO and LILIA LORENZO by and through the undersigned counsel, hereby file this Complaint against the above-named Defendant, RED COATS INC.

## NATURE OF THE CASE

1. This is an action brought by Plaintiffs JORGE ATENCIO, and LILIA LORENZO (hereafter "Plaintiffs") against their former employer, Defendant RED COATS INC. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiffs' employment, Defendant engaged in the practice of systematically deducting 30-minute meal periods from Plaintiffs time even though Plaintiffs regularly worked through lunch.

3. Additionally, Plaintiffs were required to work off-the-clock to complete work that should have been completed by a supervisor who in turn left the premises to perform the duties of a phantom employee.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the closest nexus with the cause considering the residency of the Plaintiffs, where they performed the work, and the place of Defendant's business.

## PARTIES

6. Plaintiff JORGE ATENCIO, a resident of Hillsborough County, was a former employee of Defendant RED COATS INC. who worked in the facilities of Spectrum, in Pinellas County, Florida.

7. Plaintiff LILIA LORENZO, a resident of Hillsborough County, was a former employee of Defendant RED COATS INC. who worked in the facilities of Spectrum, in Pinellas County, Florida.

8. Defendant RED COATS INC. is a Foreign Profit Corporation organized and existing under and by virtue of the laws of the state of Florida with office located at 101 East Kennedy Blvd, Suite G-102, Tampa, Florida 33602.

## COVERAGE

9. Defendant RED COATS INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

10. Upon information and belief, Defendant's individual annual gross volume of sales exceeded $500,000/year at all relevant times.

11. Defendant RED COATS INC., LP is an employer within the definition of the FLSA, 29 U.S.C. § 203.

12. During the term of their employment, Plaintiffs were engaged in commerce and were therefore subject to the individual coverage of the FLSA, 29 U.S.C. § 206.

13. The services performed by Plaintiffs were essential, necessary, and an integral part of the business conducted by Defendant.

14. Plaintiffs were covered employees for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

**JORGE ATENCIO**

15. Plaintiff JORGE ATENCIO was employed by Defendant from October 2016 to May 2017.

16. Plaintiff JORGE ATENCIO held a maintenance position at the time of separation.

17. Plaintiff JORGE ATENCIO was paid at a rate of $9.00 per hour.

18. During his employment with Defendant, Plaintiff JORGE ATENCIO was classified as non-exempt.

19. Plaintiff JORGE ATENCIO did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

20. Upon information and belief, Defendant systematically deducted 30-minute meal periods from JORGE ATENCIO's time even though Plaintiff regularly worked through lunch.

21. Additionally, Plaintiff JORGE ATENCIO was required to work off-the-clock in order to perpetuate a scheme of phantom employment conducted by Plaintiff's supervisor, Catalina Arcela, as detailed below.

22. Upon information and belief, Catalina Arcela's mother, Graciela Hernandez was a phantom employee of Defendant. Graciela Hernandez would not show up for work and Catalina Arcela would perform her duties. Catalina Arcela would require Plaintiff to perform her duties off-the-clock while she went to do what she called her "part-time." Her "part time" was essentially performing the duties of an absent and/or non-existent phantom employee.

23. During the period covered by the employment, Plaintiff JORGE ATENCIO worked in excess of forty (40) hours in a workweek and was

not compensated at the statutory rate of one and one-half times his regular rate of pay.

24. Defendant was aware that Plaintiff JORGE ATENCIO was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

25. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

26. Plaintiff JORGE ATENCIO's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516.

27. The accuracy, completeness, and sufficiency of such records is at issue.

**LILIA LORENZO**

28. Plaintiff LILIA LORENZO was employed by Defendant from October 2016 to May 2017

29. Plaintiff LILIA LORENZO held a housekeeping/cleaning position at the time of separation.

30. Plaintiff LILIA LORENZO was paid at a rate of $9.00 per hour.

31. During her employment with Defendant, Plaintiff LILIA LORENZO was classified as non-exempt.

32. Plaintiff LILIA LORENZO did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

33. Upon information and belief, Defendant systematically deducted 30-minute lunch periods from LILIA LORENZO's time even though Plaintiff mostly worked through lunch.

34. Additionally, LILIA LORENZO's supervisor required her to work off-the-clock in order to perpetuate the fraudulent phantom employment scheme described above.

35. During the period covered by the employment, Plaintiff LILIA LORENZO worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times her regular rate of pay.

36. Defendant was aware that Plaintiff LILIA LORENZO was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

37. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

38. Plaintiff LILIA LORENZO's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516.

39. The accuracy, completeness, and sufficiency of such records is at issue.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

40. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 39 above.

41. Defendant failed to pay Plaintiffs properly for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA.

42. Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) in a workweek.

43. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendant, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

44. Plaintiffs request a jury trial to the extent authorized by law.

Dated: June 2, 2017.                    Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com
Attorneys for Plaintiffs

**s/ Cynthia Gonzalez**
Cynthia M. Gonzalez
Florida Bar No. 53052

**s/ Luis R. Amadeo**
Luis R. Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff